1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY S. JAMESON, ) | 1:06-CV-00014 AWI NEW (DLB) HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #15] |
| v. ) | |
| ) | ORDER DENYING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| JEANNE WOODFORD, Director, ) | [Doc. #1] |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 29, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On May 2, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is

supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections. As explained by the Magistrate Judge, regardless of whether this petition was timely filed, the Board of Prison Terms ("BOP")'s denial of parole did not violate Petitioner's constitutional rights. Contrary to Petitioner' contention that under California law a preponderance of the evidence is required to support the BOP's parole denial, only "some evidence" to support the parole board's decision is required under the Constitution. See Biggs v. Terhune, 334 F.3d 910, 9115 (9th Cir. 2003); Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir.1987).[1] The "some evidence" standard is minimal and only requires "the record is not so devoid of evidence that the findings of [the BPT] were without support or otherwise arbitrary." Superintendent v. Hill, 472 U.S. 445, 457 (1985). As explained by the Magistrate Judge, the BOP's decision is supported by some evidence. In addition, Petitioner's contentions that the state courts misapplied California law do not rise to the level of a Constitutional violation. See 28 U.S.C. § 2254 (a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).

    Accordingly, IT IS HEREBY ORDERED that:

    1. The Findings and Recommendation issued March 29, 2007, is ADOPTED IN FULL;

    2. The Petition for Writ of Habeas Corpus is DENIED; and

    3. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   May 29, 2007**          /s/ Anthony W. Ishii
                                                              UNITED STATES DISTRICT JUDGE

---

[1] Petitioner contends that California law requires a preponderance of the evidence to deny parole, and this court is bound to defer to an agency's interpretation of its own regulations. Only when a case involves a federal administrative agency's construction of a statute that the agency administers, does the court need to defer to the agency as set forth in Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). See Food and Drug Admin. v. Brown & Williamson Tobacco Corp., 529 U.S. 120, 132 (2000). Here, Petitioner is not challenging a *federal agency*'s interpretation of a federal statute. The BOP is a state agency, and not a federal agency. Finally, regardless of what evidence is necessary under state law, a federal habeas corpus petition *only* may be granted for violations of the Constitution. The Constitution requires only "some evidence."