UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY S. JAMESON, | ) | 1:06-CV-00014 AWI NEW (DLB) HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | ORDER FINDING CERTIFICATE OF |
| JEANNE WOODFORD, Director, | ) | APPEALABILITY IS NOT NECESSARY |
| | ) | |
| Respondent. | ) | [Doc. #26] |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his petition, Petitioner contended that the Board of Prison Terms ("BOP")'s denial of parole violated Petitioner's constitutional rights.

On May 30, 2007, the undersigned issued an order denying the petition. On June 26, 2007, the undersigned declined to issue a certificate of appealability. On July 3, 2007, Petitioner filed a motion for reconsideration of the order denying a certificate of appealability.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been

1  reversed or otherwise vacated, or it is no longer equitable that the judgment should
2  have prospective application; or (6) any other reason justifying relief from the
   operation of the judgment.

3  A review of the law indicates that Petitioner is correct.   A certificate of appealability

4  unnecessary in an action brought under 28 U.S.C. § 2254 if the petition arises out of an

5  administrative process rather than a state conviction.  See Rosas v. Nielsen, 428 F.3d 1229 (9th Cir.

6  2005)  (per curiam); White v. Lambert, 370 F.3d 1002 (9th Cir.2004).   In Rosas v. Nielsen, 428 F.3d

7  1229 (9th Cir. 2005), the Ninth Circuit explained:

8  A habeas petitioner must secure a certificate of appealability where 'the detention
   complained of arises out of process issued by a State court.' 28 U.S.C. §
9  2253(c)(1)(A). The Ninth Circuit construed this language in White v. Lambert, 370
   F.3d 1002 (9th Cir.2004), cert. denied, 543 U.S. 991, 125 S.Ct. 503, 160 L.Ed.2d 379
10 (2005), to hold that a certificate of appealability 'is not required when a state prisoner
   challenges an administrative decision regarding the execution of his sentence.' Id. at
11 1010. Thus, the district court looks at who made 'the detention decision complained of
   by the state prisoner,' an administrative body or judicial one, in determining whether a
12 certificate of appealability is required.' Id.

13 Rosas, 428 F.3d at 1231.   In this case, Petitioner challenges the BOP's denial of parole.   Any

14 argument that a certificate of appealability is required to appeal this case is foreclosed by Rosas v.

15 Nielsen, 428 F.3d 1229 (9th Cir. 2005) (per curiam).   Thus, no certificate of appealability is

16 necessary.

17 Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration is

18 GRANTED.   No certificate of appealability is necessary to appeal in this action.

19

20 IT IS SO ORDERED.

21 **Dated:   July 26, 2007**              /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE